IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIE GLADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV01032 |
| ) | |
| WINSTON SALEM STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM OPINION

TILLEY, District Judge

This case arises out of a dispute between Plaintiff Willie Gladden and his former employer, Defendant Winston Salem State University ("WSSU"). Mr. Gladden alleges that WSSU terminated his employment in violation of the Family and Medical Leave Act ("FMLA") and discriminated against him based on disability in violation of the Americans with Disabilities Act ("ADA"). The matter is now before the Court on WSSU's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 8.)

On July 19, 2006, the United States Magistrate Judge issued a Recommendation that WSSU's Motion to Dismiss be granted as to Mr. Gladden's claim for punitive damages and denied as to all other claims. (Doc. # 13.) WSSU filed objections to the Recommendation (Doc. # 15) and Mr. Gladden has responded (Doc. # 18). Following a de novo review of the Recommendation in

light of the objections, the Recommendation is adopted in part and rejected in part.

I.

The facts, stated in the light most favorable to Mr. Gladden, are as follows.[1] Mr. Gladden began his employment at WSSU in October 1997 as a Resident Hall Supervisor. (Doc. # 1, Compl. ¶ 7.) He was promoted to Director of Student Activities in 2000 and held that position until his employment was terminated on May 3, 2005. (Id. ¶ 8.) On January 4, 2005, Mr. Gladden began using accrued leave time, with the approval of WSSU, because of health problems related to Grave's disease, type II diabetes, high blood pressure, hypertension, obesity, and work-related stress. (Id. ¶¶ 9, 11.)

By letter dated February 7, 2005, which was received by Mr. Gladden on or about February 11, WSSU requested Mr. Gladden to complete and return an FMLA

---

[1] Generally, only allegations in the Complaint are considered in deciding a Rule 12(b)(6) motion to dismiss. Documents extraneous to the Complaint, however, may be considered in certain circumstances without converting the Rule 12(b)(6) motion into a motion for summary judgment. Specifically, documents that are "integral to and explicitly relied on in the complaint" may be considered if the authenticity of such documents is not in question. Phillips v. LCI Intern, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

WSSU attached eight documents to its Motion to Dismiss that are both integral to and explicitly relied upon in the Complaint. (Doc. # 8, Exs. 1-8.) The authenticity of the documents is not disputed, which is evidenced by Mr. Gladden specifically referencing the exhibits in his brief in opposition to the motion. (See Doc. # 11.) Accordingly, Exhibits 1-8 attached to WSSU's Motion to Dismiss will be considered without converting the motion to dismiss into a motion for summary judgment.

2

application.  (Id. ¶ 12; Doc. # 8, Exs. 1, 5.)  Mr. Gladden complied with WSSU's request and noted on the FMLA application that his estimated duration of leave was from January 4, 2005 until May 2, 2005.  (Id. ¶ 13; Doc. # 8, Ex. 2.)  Mr. Gladden's FMLA application was signed on March 3, 2005 and stamped as received by WSSU on March 10, 2005.  (Doc. # 8, Ex. 2.)  Mr. Gladden's treating physicians certified that he required medical leave from January 4, 2005 until March 30, 2005.  (Id., Ex. 3.)

By letter dated March 17, 2005, Theo D. Howard, the WSSU Assistant Vice Chancellor for Student Affairs and Mr. Gladden's direct supervisor, informed Mr. Gladden that his FMLA leave period would lapse on March 30, 2005 and that he was expected to return to work on April 1.  (Doc. # 1, Compl. ¶¶ 14-15; Doc. # 8, Ex. 4.)  Mr. Gladden responded by letter dated March 22, 2005 informing Mr. Howard that he would not be able to return to work on April 1 because of his continued medical problems.  (Id. ¶ 16; Doc. # 8, Ex. 6.)  Mr. Gladden filed a charge of discrimination on the basis of disability against WSSU with the Equal Employment Opportunity Commission ("EEOC") on or about March 22, 2005, alleging that WSSU was denying him reasonable accommodation by trying to rush him back to work.  (Id. ¶¶ 18-19; Doc. # 8, Exs. 5-6.)

On May 2, 2005, Mr. Gladden sent WSSU another letter, supported by two medical opinions, stating that he was unable to return to work on May 2, 2005 because of additional health problems.  (Id. ¶ 20; Doc. # 8, Ex. 8.)  On or around

3

May 5, 2005, Mr. Gladden received a letter from Mr. Howard informing him that his employment had been terminated on the basis of job abandonment for failure to return to work on May 2. (Id. ¶ 21; Doc. # 8, Ex. 7.)

On or around May 31, 2005, Mr. Gladden filed another charge of discrimination with the EEOC alleging that WSSU discriminated against him because of his disabilities and retaliated against him for his initial charge of discrimination. (Id. ¶ 22.) The EEOC issued right to sue notices for both filings in August 2005. (Id. ¶ 16; Doc. # 8, Ex. 6.) This action commenced on November 28, 2005.

## II.

A motion to dismiss for failure to state a claim is intended to test the legal sufficiency of the complaint, not to decide the merits of the action. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). In considering a Rule 12(b)(6) motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Dismissal under Rule 12(b)(6) is generally regarded as appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts to support the allegations set forth in the compliant. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). The issue is not whether the plaintiff will ultimately prevail on his claim, but whether he is entitled to offer evidence to support the claim. Id.

4

Case 1:05-cv-01032-NCT-RAE   Document 20   Filed 05/09/07   Page 4 of 12

In Swierkiewicz v. Sorema, the United States Supreme Court held that a complaint need not forecast evidence sufficient to establish the plaintiff's claim. 534 U.S. 506, 510-15, 122 S. Ct. 992, 997-99 (2002). The Fourth Circuit, however, "has not interpreted Swierkiewicz as removing the burden of a plaintiff to allege facts sufficient to state all the elements of [a] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); see also Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in Swierkiewicz v. Sorema did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim."). "Consequently, when a plaintiff's complaint sets forth facts in support of his claim for relief and tracks the language of the applicable cause of action, the legal conclusions 'are not talismanic' because 'it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage.'" Jordan v. Alternative Resources Corp., 458 F.3d 332, 346 (4th Cir. 2006) (quoting Bass, 324 F.3d at 765). "The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" cannot support the legal conclusion. Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001).

III.

Mr. Gladden first claims that WSSU violated the FMLA by discharging him during a period of protected leave and by retroactively designating the date his

5

leave began. The FMLA is intended "to balance the demands of the workplace with the needs of employees to take leave for eligible medical conditions and compelling family reasons." Hukill v. Auto Care, Inc., 192 F.3d 437, 441 (4th Cir.1999) (citing 29 U.S.C. § 2601(b)). "It entitles eligible employees to take up to twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons, . . . and ensures that these employees will be restored to their same or an equivalent position upon returning to work." Rhoads v. Fed. Deposit Ins. Corp., 257 F.3d 373, 381-82 (4th Cir. 2001) (citing 29 U.S.C. §§ 2612(a)(1), 2614(a)(1)). A "qualifying medical reason" is defined as "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is defined, in part, as an illness or impairment that requires continuing treatment by a health care provider, 29 U.S.C. § 2611(11)(B), and that also involves a period of incapacity requiring absence from work for more than three calendar days, 29 C.F.R. § 825.114(a)(2).

WSSU objects to the Recommendation by reiterating the arguments raised in its brief in support of the Motion to Dismiss. WSSU first argues that it was justified in relying on the leave commencement date designated by Mr. Gladden in his FMLA application (i.e., January 4, 2005). Using this date, Mr. Gladden's protected leave period would have expired on March 30, 2005, over one month before he was discharged on May 3. Alternatively, WSSU argues that Mr.

6

Gladden's leave period began when the FMLA application was mailed to him on February 7, 2005. Using this date, Mr. Gladden's leave period would have expired on May 3, the day his discharge became effective.[2] Mr. Gladden, however, noted in his May 22, 2005 charge of discrimination that he did not receive the FMLA application packet until "[a]bout February 11, 2005," which would extend the leave expiration date to May 5, two days after he was discharged.

As found in the Recommendation, "[i]t is not apparent . . . at this stage of the proceedings that [Mr. Gladden] can prove no set of facts which would entitle him to relief . . . [and] [t]he determination of whether [Mr. Gladden's] leave period was still running when he was terminated involves questions of both facts and law which require further development." (Doc. # 13, Recommendation at 5.) Accordingly, WSSU's Motion to Dismiss Mr. Gladden's FMLA claim is DENIED.

IV.

Mr. Gladden next claims that WSSU violated the ADA by: (1) failing to provide reasonable accommodation for his disability; (2) discharging him because of his disability; and (3) retaliating against him for filing his initial charge of discrimination with the EEOC. WSSU objects to the Recommendation as to each of these claims.

A.

---

[2] WSSU alleges that the leave expiration date is April 30, 2005 using the February 7 start date. That, however, amounts to only eleven weeks, four days.

7

To state a prima facie case of failure to accommodate under the ADA, a plaintiff must allege: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; and (4) that the [employer] refused to make such accommodations." Rhoads, 257 F.3d at 387 n.11.

WSSU objects to the finding in the Recommendation that Mr. Gladden sufficiently stated a failure to accommodate claim and argues that such a finding is unsupported by any facts alleged in the Complaint. The finding in the Recommendation regarding this claim was based on the following allegation in the Complaint: "Because the Plaintiff is a disabled individual who, with reasonable accommodations can perform his job duties as a Director of Student Activities, . . . [WSSU] has violated the [ADA] by failing to provide the Plaintiff with the reasonable accommodations necessary for the Plaintiff to perform his job duties." (Doc. # 1, Compl. ¶ 35.) This allegation, however, merely recites the language of the applicable cause of action and is insufficient to state a claim upon which relief may be granted. As discussed above, Mr. Gladden must plead facts sufficient to support each element of a prima facie case. Bass, 324 F.3d at 765; Dickson, 309 F.3d at 213.

As of May 2, 2005, one day before his employment was terminated and approximately four months since he last worked, Mr. Gladden's treating physician

8

believed that Mr. Gladden still did "not possess the mental or physical capacity to return to his prior work setting . . . [because] [h]is acute depressive and anxiety symptoms preclude[d] his ability to adequately function both vocationally and socially." (Doc. # 8, Ex. 8.) According to another treating physician, Mr. Gladden's health conditions required further testing and evaluation to determine when he would be able to work. (Id.)

While Mr. Gladden alleges in his Compliant that WSSU "den[ied] him reasonable accommodation by trying to rush him back to work against doctors' orders," (see Doc. # 1, Compl. ¶¶ 19, 20; Doc. # 8, Ex. 8.), he fails to address the additional amount of leave necessary to enable him to perform the essential functions of his job. "A reasonable accommodation does not require an employer to wait indefinitely for an employee's medical condition to be corrected." McNeil v. Scotland County, 213 F. Supp. 2d 559, 569 (M.D.N.C. 2002) (citing Myers v. Hose, 50 F.3d 278, 283 (4th Cir. 1995)); see also Starnes v. Gen. Elec. Co., 201 F. Supp. 2d 549, 560 (M.D.N.C. 2002) ("[T]o the extent that Plaintiff requests an accommodation of indefinite time off work, such would not be a reasonable accommodation."); Peltier v. Greyhound Lines, Inc., No. C/A2:00-1726-18AJ, 2001 WL 34681748, at *4 (D.S.C. Aug. 6, 2001) ("[A]n indefinite leave of absence . . . is not a reasonable accommodation under the ADA."). Rather, a reasonable accommodation is one "which presently, or in the immediate future,

9

enables the employee to perform the essential functions of the job in question." Myers, 50 F.3d at 283.

Because Mr. Gladden has failed to sufficiently plead that "with reasonable accommodation he could perform the essential functions of the position," WSSU's Motion to Dismiss the failure to accommodate claim is GRANTED.

B.

To state a prima facie case of discriminatory discharge under the ADA, a plaintiff must allege that: (1) he was in the protected class; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. Ennis v. Nat'l Ass'n of Bus. and Educ. Radio, Inc., 53 F.3d 55, 59 (4th Cir. 1995).

WSSU objects to the finding in the Recommendation that Mr. Gladden sufficiently stated a claim for discriminatory discharge and argues that because Mr. Gladden was absent from work he "is unable to prove under any set of facts that at the time of the discharge [ ] he was performing his job at a level that met [WSSU's] legitimate expectations." (Doc. # 15, Def.'s Objections at 11.) WSSU further contends that, regardless of Mr. Gladden's leave status, it was necessary for him "to be at WSSU or at least working." (Id.) This argument, however, is unavailing. If Mr. Gladden was in fact discharged during his protected FMLA leave period, which as discussed above remains at issue, then WSSU would have had no

10

legitimate expectation for him to be working during that time.  As such, WSSU's Motion to Dismiss the discriminatory discharged claim is DENIED.

C.

To state a prima facie case of retaliation under the ADA, a plaintiff must allege: (1) that he engaged in conduct protected by the ADA; (2) that he suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected activity and the adverse action. Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002) (citing Rhoads, 257 F.3d at 392).

It is clearly alleged in the Complaint that Mr. Gladden engaged in protected activity by filing a charge of discrimination with the EEOC and subsequently suffered adverse action when his employment was terminated.  The Magistrate Judge concluded in the Recommendation that Mr. Gladden sufficiently alleged a causal connection based on the temporal proximity of his initial charge of discrimination on March 22, 2005 and his discharge date of May 3, 2005.  WSSU objects and contends that the allegations in the Complaint do not support the requisite causal connection as a matter of law because Mr. Gladden's employment was extended a month beyond what was required under the FMLA.  WSSU argues that if it "intended to 'retaliate' against [Mr. Gladden] for filing the EEOC charge, the university would have terminated [him] at the end of his Family Medical Leave." (Doc. # 15, Def.'s Objections at 14-15.)

11

First, WSSU's objections are based on the premise that Mr. Gladden was discharged following the expiration of his protected FMLA leave period, which has yet to be established. Second, it must be remembered that a Rule 12(b)(6) motion is intended only to test the legal sufficiency of the complaint. WSSU's arguments address the merits of the action and are inappropriate at this stage of litigation. WSSU's Motion to Dismiss the retaliation claim is, therefore, DENIED.

V.

Finally, as stated in the Recommendation, Mr. Gladden has conceded that he is not entitled to punitive damages against WSSU because it is an agency of the State of North Carolina. See 42 U.S.C. § 1981a(b)(1). Accordingly, WSSU's Motion to Dismiss is GRANTED as to Mr. Gladden's claim for punitive damages.

VI.

For the reasons set forth above, WSSU's Motion to Dismiss (Doc. # 8) is GRANTED as to Mr. Gladden's failure to accommodate claim and claim for punitive damages, and DENIED as to all other claims.

This the day of May 9, 2007

    /s/ N. Carlton Tilley, Jr.
United States District Judge